**FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - -X

In re: WAYNE D. STEWARD,

                                    Chapter 13
                                    Case No. 05-43278 (RTL)

        Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - -X

**OPINION**

**APPEARANCES:**

**William H. Oliver, Jr., Esq.**
Oliver & Sellitto
Attorney for the Debtor, Wayne D. Steward

**Thomas S. Onder, Esq.**
Stark & Stark, P.C.
Attorney for the Creditor, Alfred Vail Mutual Association

**RAYMOND T. LYONS, U.S.B.J.**

      The Debtor, Wayne D. Steward, moves pursuant to 11 U.S.C. § 362(a) for a determination that Alfred Vail Mutual Association ("the Association") and its attorney are in violation of the automatic stay for proceeding against Mr. Steward in the state court. This court finds the Association and the law firm in violation of the automatic stay by continuing to pursue the removal of the Debtor as executor of a probate estate. Debtor is entitled to damages.

**JURISDICTION**

      This court has jurisdiction of this case and proceedings arising in this case under 28 U.S.C. §

1334(a) and (b) and 28 U.S.C. § 157(a) and the Standing Order of Reference by the United States District Court for the District of New Jersey dated July 23, 1984, referring all cases and proceedings arising under Title 11 of the United States Code to the bankruptcy court.  This is a core proceeding within the meaning of 28 U.S.C. § 157 (b)(2)(G) for matters concerning the automatic stay.

## FINDINGS OF FACT

Wayne Steward filed a Chapter 13 bankruptcy petition on February 2, 2005, case # 05-13102.  That case was dismissed on September 23, 2005, on the recommendation of the Chapter 13 Trustee, due to the Debtor's failure to make all required pre-confirmation payments.  Debtor filed a second petition on October 3, 2005, case # 05-43278.

On October 28, 2005, the Association filed a Verified Complaint, and later an Amended Verified Complaint, in the Superior Court of New Jersey, Chancery Division, Monmouth County, seeking removal of the Debtor as executor of the estate of his deceased sister, Patricia Steward. Patricia Steward owned an interest in the Association's co-op, where she resided with the Debtor until her death.  During his sister's lifetime, the Debtor did not have an ownership interest in the co-op, he merely shared the unit with Patricia Steward.  Upon Patricia Steward's death, Mr. Steward became the sole beneficiary of her estate.

The Association disputes the ownership interest Wayne Steward acquired by virtue of his sister's passing.  Behind on his payments to the Association, Debtor is seeking to cure the arrears through his bankruptcy plan.  Meanwhile, the Association is seeking to have the Debtor removed as executor, claiming no transfer of the decedent's interest in the co-op may occur until certain conditions have been satisfied, including remediation of an underground storage tank.  Despite receiving a letter

2

from Debtor's attorney that the action in the Superior Court violated the automatic stay, the Association proceeded with its motion.

During the pendency of the first bankruptcy case, this court held an evidentiary hearing to determine whether the Association had to provide utility services to the Debtor under § 366 of the Bankruptcy Code. The findings included the following: (1) Debtor was a lawful occupant of the unit since he qualified as a "family member" of his sister, pursuant to the bylaws of the Association; (2) Debtor was entitled to remain in the unit, even after the death of his sister, pursuant to the Association's certificate of incorporation that provided for perpetual use by family members; and (3) the certificate of incorporation did not require that Debtor apply for the Association's written approval to occupy the unit as he was already a resident.

Debtor seeks an order declaring that the automatic stay is applicable to the proceedings in the state court, and that the Association's prosecution of these proceedings is in violation of the stay. The Association protests on several grounds. First, it contends Debtor is not eligible for bankruptcy relief because the second bankruptcy filing occurred less than 180 days following a voluntary dismissal of the prior proceeding. Alternatively, the Association argues the *Rooker-Feldman* Doctrine bars the bankruptcy court from ruling in light of the state court's issuance of an order to show cause. As a final plea, the Association states the filing does not violate the automatic stay or the co-debtor stay, contending the probate action does not diminish any rights, interests, or property of the debtor.

## DISCUSSION

**Eligibility**

As an initial matter, the Association asserts that Wayne Steward is an ineligible debtor under 11

3

U.S.C. § 109(g)(2). Bankruptcy Code §109 provides:

> (g) Notwithstanding any other provision of this section, no individual... may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if –
>
> (2) the debtor requested and obtained the voluntary dismissal of the case following the filing of a request for relief from the automatic stay provided by section 362 of this title.

The Association argues Mr. Steward may not be a debtor because his second filing occurred 13 days after the voluntary dismissal of his original filing in which the Association had sought relief from the automatic stay. The second filing did, indeed, occur only days following the dismissal of the original filing, however, the record is clear that the dismissal was not voluntary, making § 109(g)(2) inapplicable. The order dismissing the case, signed on September 23, 2005, states the case was dismissed for the Debtor's "failure to make all required pre-confirmation payments to the Trustee." Also contrary to the assertions of the Association's counsel, the transcript of the dismissal proceedings is replete with references to the fact that the dismissal was on the recommendation of the Trustee, and not by request of the Debtor. Following review of that transcript, the Association has withdrawn its argument under § 109(g).

### *Rooker-Feldman* Doctrine

The Association also argues that this court is barred from adjudicating the present motion by virtue of the *Rooker-Feldman* Doctrine and the entry of an order to show cause by the probate court. The Association filed its complaint in state court and sought issuance of an order to show cause why Mr. Steward should not be replaced as executor of his sister's estate. Mr. Steward's bankruptcy lawyer wrote the state court judge advising that the automatic stay applied to the probate proceeding.

Nevertheless, the state court entered the order to show cause without explicitly addressing the automatic stay. The Association argues that the state court must have determined that the automatic stay did not apply since it issued the order to show cause after having been advised of the bankruptcy. That decision may not be reviewed by the bankruptcy court under the *Rooker-Feldman* Doctrine, argues the Association.

Federal-state comity requires that once a court of competent jurisdiction has validly entered a judgment, that judgment is valid unless and until it is overturned or vacated by a court that has supervisory powers over that court's system. *In re James*, 940 F.2d 46, 51 (3d Cir.1991). The *Rooker-Feldman* Doctrine stands for the principle that federal trial courts, such as the bankruptcy court, "have only original subject matter, and not appellate, jurisdiction [and]...may not entertain appellate review of a state court judgment." *Patti v. Fred Ehrich*, PC, 304 B.R 182, 186 (E.D.Pa.2003); *citing In re Singleton*, 230 B.R. 533, 536 (6th Cir. BAP 1999). The Doctrine is equally applicable to state court orders. *Port Auth. Police Benevolent Assoc., Inc. v. Port Auth. of N.Y. and N.J. Police Dept*., 973 F.2d 169, 179 (3d Cir.1992). Under the Doctrine, a federal court cannot rule on a claim that was actually litigated in state court, nor may a federal court rule if the claim is inextricably intertwined with the state court adjudication. *Knapper v. Bankers Trust Co.*, 407 F3d 573, 580 (3d Cir.2005).

State courts may have concurrent jurisdiction with bankruptcy courts to decide whether the proceedings are subject to the automatic stay. *In re Singleton*, 230 B.R. 533, 538-39 (6th Cir. BAP 1999). However, continuing with a proceeding is not an implicit ruling that the state court judge considered the automatic stay and determined it did not apply. *In re Patti*, 304 B.R. at 187

(disregarding argument that by proceeding, court must have decided applicability of the stay *sub silento*). A determination as to the stay needs to be explicit, otherwise, the issue has not been actually litigated in state court and the *Rooker-Feldman* Doctrine will not apply.

This court may rule on the applicability of the automatic stay without violating the *Rooker-Feldman* Doctrine. Here, the state court judge entered an order to show cause regarding the Association's motion to remove the Debtor as the executor of the deceased's estate. The Debtor asserts such a matter is barred by the bankruptcy filing and asks this court to find its prosecution is a violation of the automatic stay. The Association urges this court to find that since the state court issued the order while aware of the bankruptcy filing, the state court must have considered the automatic stay and determined it did not apply. As noted above, a finding that the issue of the automatic stay was already adjudicated will not be found by implication. The bankruptcy court need only refrain from ruling on the issue of the automatic stay if the state court made a determination as to its applicability. Since no determination was made by the state court as to whether the automatic stay applied to the proceedings, this court can rule on the issue.

**Automatic Stay**

The Debtor seeks a determination that the probate proceeding to remove Debtor as executor of an estate is an action against the debtor and therefore barred by the automatic stay pursuant to 11 U.S.C. § 362. The automatic stay is a freeze on any action or proceeding against the debtor. Section 362 of the Bankruptcy Code provides:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title...operates as a stay...of

> (1) the commencement or continuation...of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title...

The language in this section is very broad and stated in the disjunctive. As one court noted, "this provision is about as clear as one could reasonably want...Simply stated, it creates a restraint and injunction against *any* judicial proceeding against a debtor in bankruptcy." *In re Panayotoff*, 140 B.R. 509 (Bankr.D.Minn.1992) (emphasis in the original). Here then, the issue is whether an action to remove a debtor as executor of an estate is an action against the debtor. If so, a movant could only proceed if § 362(b) contains an applicable exception, otherwise the movant must first seek relief from the stay before proceeding with the action.

The *Panayotoff* court decided the same issue presently before this court. *In re Panayotoff*, 140 B.R. at 511. There, the petitioner had been appointed the personal representative of her deceased husband's estate. Two years later she filed for bankruptcy. Respondent sought to have the Debtor removed as personal representative of the deceased's estate. Debtor, in turn, sought an order that the respondent's actions violated the automatic stay. While the parties' briefs focused on whether the debtor's status as personal representative of the estate was itself property of the bankruptcy estate, which would then be subject to the automatic stay, the court focused on whether proceedings against a debtor in her capacity as personal representative were covered by the language of § 362(a)(1).

Focusing on the broad language of § 362(a)(1) and the use of the disjunctive "or," the *Panayotoff* court determined "the scope of [the] stay is not limited to proceedings for a monetary recovery against the debtor." 140 B.R. at 511. The court went on to note "there is no qualifying

7

language which limits the stay to judicial actions or proceedings brought against an individual in her personal capacity, or to those brought by a creditor against her in her status as the obligor in a debtor-creditor relationship." *Id., see also In re Fiedler*, 34 B.R. 602, 603-04 (Bankr.D.Colo.1983); *Carver v. Moody*, 780 So.2d 934 (Fla.Dist.Ct.App.1st Dist. 2001); *contra In re Estate of Nelson*, 243 Mont. 276, 794 P.2d 677 (1990).

This court agrees. An action to remove a debtor as an executor of the estate is an action against the debtor. The automatic stay applies to Mr. Steward in his capacity as the executor of his sister's estate. The language of the statute is extremely broad and protects debtors from having to litigate any actions without a party first seeking relief from the stay. Support for this conclusion can also be found in the legislative history:

> A probate proceeding in which the debtor is the executor or administrator of another's estate usually will not be related to the bankruptcy case, and should not be stayed. Generally, proceedings in which the debtor is a fiduciary...need not be stayed because they bear no relationship to the purpose of the automatic stay, which is debtor protection from his creditors. The facts of each request will determine whether relief is appropriate under the circumstances.

H.R.Rep. No. 595, 95th Cong. 1st Sess 343-344 (1997); S.REP No. 989, 95th Cong., 2d Sess. 52-53 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6300.[1] The legislative history supports a

---

[1] The Association cites to *Panayotoff* and this legislative history to persuade the court that probate proceedings are not subject to the stay. This reliance is misplaced. While it may be true that because probate proceedings where the debtor is the executor of another estate are usually unrelated to the executor's bankruptcy case, even those proceedings solely against a debtor in her capacity as a personal representative are stayed until relief is sought and the bankruptcy court determines if relief from the stay is appropriate based on the facts of each case. Creditors cannot bypass seeking relief form the stay simply because they believe the court will find relief is appropriate.

8

determination that the automatic stay applies to a debtor in his capacity as an executor; it is then the facts of the individual situation that will allow a court to determine whether relief is appropriate. The legislative history states relief is *usually* given in these situations, but not necessarily, and not without first being requested.

In the state court proceedings, the Association is seeking to remove the Debtor as the executor of his sister's estate. The Association believes that this probate action does not seek to diminish any rights, interests, or property of the debtor and therefore does not violate the automatic stay created by the Debtor's bankruptcy filing. Movants cannot bypass seeking relief from the stay simply because they believe relief from the stay is appropriate. Probate proceedings against a debtor as executor of an estate are subject to the stay based on the broad language of §362(a)(1), and for the proceeding to go forward, the movant must first request relief from the stay. To ignore the automatic stay and later argue the stay should have been lifted is an improper way to proceed.

Additionally, there are no applicable exceptions in §362(b). As the court in *Fiedler* stated: "Section 362(b) lists several specific exceptions to the automatic stay... [I]t may fairly be assumed that had Congress intended that the stay not apply to personal representatives, it would have fashioned an additional exception." *Fiedler*, 34 B.R. at 604.

A moving party may seek relief from the stay in order to continue with an action or proceeding against the debtor. 11 U.S.C. §362(d). As stated above, the legislative history indicates that, if sought, relief is generally appropriate in probate proceedings where the debtor is the executor of another's estate. H.R.Rep. No. 595, 95th Cong. 1st Sess 343-344 (1997); S.REP No. 989, 95th Cong., 2d Sess. 52-53 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6300. This is based on the

generalization that such proceedings do not need to be stayed because they are not in conflict with the purpose of the stay, which is to protect a debtor from his creditors. However, certain facts may warrant keeping the stay in place. Here, for instance, the Debtor is the sole beneficiary of the estate to which he is executor. The co-op association that is pursuing the state court action is the only secured creditor in the Debtor's estate. Further, the only asset in the Debtor's estate is the interest in the co-op. It may well be that such facts represent a situation in which administration of a deceased's estate is related to the bankruptcy case. That issue need not be decided at this time as no relief has been sought.

Having found the state court proceeding to be a violation of the automatic stay, this court need not reach a determination as to the applicability of the co-debtor stay under 11 U.S.C § 1301(a).

**Damages**

The Debtor requests a determination that the Association and its attorney willfully violated the automatic stay and seeks to recover the appropriate damages pursuant to 11 U.S.C. § 362(h).[2] An individual injured by a willful violation of the automatic stay is entitled to recover for actual damages, including costs and attorneys fees. 11 U.S.C. § 362(h). In some situations, the violation may warrant the award of punitive damages. *Id.*

In defining "willful," the Third Circuit, relying on an opinion by the Ninth Circuit, has previously

---

[2] 11 U.S.C. § 362(h) was the applicable section for addressing damages for claims of violations of the automatic stay. Once the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 went into effect on October 17, 2005, that section was redesignated as § 362(k)(1) for all cases filed on or after that date. Because this case was filed before the effective date of the amendments, this court will refer to the applicable section as § 362(h).

held that: "[a] 'willful violation' does not require a specific intent to violate the automatic stay. Rather, the statute provides for damages upon a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional." *In re Atlantic Bus. and Cmty. Dev. Corp.*, 901 F.2d 325, 329 (3d Cir. 1990). A good faith belief by the defendant that it had the right to take such actions is irrelevant to whether a defendant acted willfully. *Atlantic Business*, 901 F.2d at 329. It is only where the willful violation was done in bad faith that punitive damages are appropriate. *Id.*

Here, the Association knew of the bankruptcy filing and proceeded with the state court action even after receiving a letter from Debtor's counsel advising of the automatic stay. Without further seeking a determination as to the applicability of the stay or requesting relief from the stay, the Association continued to pursue the state court action. While these facts do not present a finding of bad faith, the conduct was nevertheless intentional.

The Association claims that its actions are not sanctionable because it relied on persuasive legal authority for its actions and the case law on whether there was a violation of the automatic stay is unsettled. *See In re University Med. Ctr.*, 973 F.2d 1065 (3d Cir.1992). This argument fails because there are three cases directly on point that hold that seeking to remove the debtor as executor violates the automatic stay. *Panayotoff*, 140 B.R. at 511; *Carver v. Moody*, 780 So.2d 934; *Fiedler*, 34 B.R. 602. The one case holding otherwise is unpersuasive. *Nelson*, 243 Mont. 276.

Despite these precedents, the Association justifies ignoring the automatic stay because none of the cases are from the Third Circuit. That is no excuse. Precedent need not be binding to be persuasive. The thorough analysis of the precise issue by the majority of courts required the

11

Association to honor the stay, not ignore it.

The Association further asserts that *In re Ritter*, 46 B.R. 183 (Bankr.E.D.Pa. 1985), supports its position. That case is not on point. There the debtor filed a complaint in bankruptcy court asserting claims that belonged to her deceased daughter's estate. The bankruptcy court held it did not have jurisdiction over causes of action asserted by the debtor in her capacity as personal representative of a decedent's estate. The court was not faced with the issue of whether it is a violation of the automatic stay to seek removal of the debtor as an executor. *Ritter* does not justify the Association's disregard of the automatic stay.

It is ironic that the Association cites *In re Hawk*, 314 B.R. 312 (Bankr.D.N.J. 2004), for the proposition that sanctions are inappropriate where the law is unsettled and the creditor has persuasive legal authority to support its position. First of all, in that case the same law firm representing a different association barged ahead in state court to collect post-petition assessments in violation of the automatic stay. Secondly, the law firm and its client escaped sanctions only because they could cite to case law outside the Third Circuit supporting their position. Here, the persuasive case law did not support the Association's position and the absence of binding precedent does not render the law unsettled. The law firm that avoided sanctions once should have been chastened. Any uncertainty as to the automatic stay should have lead the firm to bankruptcy court for a ruling:

> Indeed, it is fair to say that most knowledgeable practitioners, when asked whether an act contemplated by a creditor might violate the automatic stay, are likely to advise their clients - out of an abundance of caution - that it is safer to ask permission than forgiveness, and recommend that they simply file the appropriate motion for relief from the stay in a court of competent jurisdiction. To do otherwise risks injury to the client and to the attorney who might otherwise give

    dangerously erroneous advice.

*In re Durango Georgia Paper Co.*, 297 B.R. 316, 321 (Bankr.S.D.Ga.2003).  An award of damages, costs and fees is appropriate.

    Debtor's counsel has submitted detailed time records of the legal services provided in enforcing the automatic stay.  The court afforded the Association an opportunity to object to the reasonableness of the fees.  Most of the subsequent response by the Association reargued positions previously asserted, which was inappropriate.  As to reasonableness of fees, the Association suggests Debtor's attorney spent too much time researching cases outside the Third Circuit that were directly on point.  If the Association's attorney had done the same, it could have avoided sanctions.  The court finds the Debtor's request for fees and costs reasonable and awards $8,145.00 in fees and $311.00 in costs against the Association and Stark & Stark.

    In addition, because the Association's lawyer certified that the first bankruptcy case had been voluntarily dismissed, the court ordered a transcript of the September 20, 2005 hearing.  That revealed that the attorney's certification was in error.  He has since apologized and the Association has withdrawn its reliance on § 109(g).  The law firm is ordered to reimburse the court for the cost of that transcript in the amount of $39.60.

**Cross-Motions**

    In their responsive papers, the Association cross-moves for dismissal of the bankruptcy case, based on the argument that Mr. Steward is an ineligible debtor pursuant to § 109(g)(2) for allegedly having filed a second bankruptcy petition less than 180 days after a voluntary dismissal in a previous case where the creditor sought relief from the automatic stay.  That motion is denied.  As discussed

above, this court determined the dismissal was not voluntary and therefore not in violation of § 109(g)(2). After a review of the transcript from the first case, the Association has withdrawn its motion to dismiss.

Alternatively, the Association cross-moves for relief from the automatic stay for the Debtor's failure to make post-petition payments to the Chapter 13 trustee and the Association. This issue is moot as the Debtor cured any deficiency by the time of the hearing.

## CONCLUSION

The Debtor is an eligible Debtor under the Code. There was no voluntary dismissal in his prior filing that would invoke the provisions of § 109(g)(2). This court does not violate the *Rooker-Feldman* Doctrine by determining the applicability of the automatic stay. Although the state court issued an order to show cause in the probate proceedings, that is not equivalent to ruling that the automatic stay does not apply to the proceedings. The Association is in violation of the automatic stay by continuing to pursue removal of the Debtor as the executor of an estate. Section 362(a)(1) is applicable to the action to remove the debtor. Without first seeking relief from the stay, the removal action may not be pursued. There was a willful violation of the automatic stay warranting an award of attorney's fees and costs.

Dated: February 24, 2006                                    **/S/Raymond T. Lyons**
                                                            United States Bankruptcy Judge